### GARCIA et al. v. RICHER.  (No. 7096.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1924. Rehearing Denied March 12, 1924.)

1. Appeal and error ⬅➡765 — Briefs filed 4 days prior to hearing filed too late.

Briefs filed long after notice of submission, and only 4 days prior to hearing, were filed too late, and it was no excuse that the transcript had been filed earlier than desired by counsel, since if this prevented filing in the lower court as required by Rev. St. art. 2115, the brief might have been filed in the appellate court.

2. Appeal and error ⬅➡672—Fundamental errors cannot be predicated on conflicting testimony.

Fundamental errors cannot be predicated on conflicting testimony; they must be apparent of record.

Error from District Court, Webb County; John L. Dannelly, Judge.

Suit between Pedro A. Richer and Pilar Garcia and another. From a judgment for Pedro A. Richer, Pilar Garcia and the other bring error. Writ of error dismissed, and appellants move for a rehearing. Motion overruled.

D. McNeill Turner and John L. George, both of Laredo, and Geo. C. Westervelt, of Corpus Christi, for plaintiffs in error.

Asher R. Smith and M. J. Raymond, both of Laredo, for defendant in error.

FLY, C. J. [1] On June 8, 1923, defendant in error obtained a judgment in the district court of Webb county against Pilar Garcia and his wife, Pilar Uribe de Garcia, for the title and possession of a certain lot, No. 8, Block No. 51, Western division of the city of Laredo, and on June 30, 1923, a motion for new trial was overruled and notice of appeal given. Writ of error was applied for on September 29, 1923, and bond filed on same day. The record was filed in this court on November 23, after having been in the hands of attorneys for over six weeks. No briefs were filed by plaintiffs in error until January 26, 1924, the cause being set down for submission on January 30, 1924. No brief was filed in the lower court, and none placed in the hands of either of the attorneys for defendant in error until the evening of January 25th. No valid excuse has been offered for a failure to file the briefs as required by law. It is no excuse for not filing the brief until long after notice of submission, and only four days before the cause is set for submission, to state that the transcript had been filed in this court earlier than was desired by one of the counsel for plaintiffs in error. If the premature filing of the transcript prevented a filing of the brief in the lower court, as required by Rev. St. art. 2115, it did not excuse a failure for two months to file a brief in the Court of Civil Appeals. It is admitted that the brief could have been prepared and filed in this court if counsel had deemed it necessary, under decisions by the court on the subject of briefs. The leniency of this court in cases in which proper excuses have been shown for a failure to file briefs should not guide the filing of briefs in preference to rules and statutes. The circumstances in each case have governed the action of this court, and we do not think there is any excuse shown in this case for not filing a brief until four days before submission. Smith v. Smith (Tex. Civ. App.) 209 S. W. 682.

[2] There is no fundamental error disclosed by the record. Fundamental errors cannot be predicated on conflicting testimony. They must be apparent of record. The briefs were properly struck out.

The motion for rehearing is overruled.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes